UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 24-08648-SB (DFM) | Date: | July 2, 2025 |
|---|---|---|---|
| Title | Alicia Marie Richards v. United States Marshal | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

| Proceedings: | (IN CHAMBERS) Order Granting Petitioner's Request for Voluntary Dismissal (Dkt. 31) |
|---|---|

On June 12, 2025, Petitioner Alicia Marie Richards filed a counseled First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging her confinement arising from a contempt order entered by the United States Bankruptcy Court for the Central District of California in the underlying bankruptcy case, In re Alicia Marie Richards, No. 21-bk-10635-SC (C.D. Cal.) ("Bankr. Case"). See Dkt. 29 ("FAP").

Petitioner has now filed a Request for Voluntary Dismissal of her habeas petition without prejudice under Federal Rule of Civil Procedure 41(a)(2), on the basis that the claims in her FAP are now moot because she is no longer in custody. See Dkt. 31. On June 26, 2025, the bankruptcy court issued an order releasing Petitioner from the custody of the U.S. Marshal. See Bankr. Case, Dkt. 1816. That same day, Petitioner was informed that she had an active warrant with the Orange County Sheriff's Department ("OCSD") and would be transferred to the custody of the OCSD. See Dkt. 31 at 2. However, on June 30, 2025, Petitioner was conditionally released from the custody of the OCSD and is no longer incarcerated. See id.

Federal Rule of Civil Procedure 41(a)(2) permits an action to be "dismissed at the [petitioner's] request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A request for voluntary dismissal under Rule 41(a)(2) should be granted unless the respondent "can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). Here, Respondent filed a Statement of No Position in response to Petitioner's original habeas petition, see Dkt. 17, and there is no indication that it will suffer legal prejudice if the request is granted. The only relief requested by Petitioner in the FAP is her release from custody. As described above, that has now occurred, and nothing in the record suggests that any further benefit could be obtained by either party by allowing Petitioner's habeas petition to proceed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Accordingly, Petitioner's Request for Voluntary Dismissal is GRANTED, and this case is DISMISSED without prejudice.